STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-20

JEFFREY FOLGER, *et al.*,

Plaintiffs

DONALD L. GARBRECHT
LAW LIBRARY

MAY 28 2003

v.

JAMES MARTIN, *et al.*,

Defendants

**DECISION ON MOTION
FOR SUMMARY JUDGMENT**

This matter comes before the court on the plaintiffs' motion for summary judgment. Specifically, the plaintiffs seek summary judgment as to count I of their complaint, in which they seek to quiet title concerning property consisting of the "Old Middle Road" in Sidney. Much of the road has been closed or discontinued since 1961. All remaining parties own land abutting the road.[1]

**Background**

For over 12 years the plaintiffs have maintained a gate across one end of the road which abuts their property. The issue of the status of this portion of the road arose, in part, when one of the defendant landowners sought to use the road for the purpose of logging operations on his property, though this landowner apparently has access to his property through the other end of the road. The Town has notified the plaintiffs of its intent to enforce a public easement, adding that the plaintiffs must open or remove the gate or the town would do so for them. The plaintiffs have brought suit seeking an action to quiet title against all defendants and common law trespass, statutory trespass, unlawful cutting of trees and punitive damages against defendant Kincaid.

---

[1] Of the 15 defendants originally named in this action, all but five defaulted. An entry of default was entered on December 2, 2002. The remaining defendants are Kenneth Reed, II, Louise Kruk, John and Helen Kincaid, and the Town of Sidney.

The plaintiff's motion for summary judgment as to count I turns on the legal effect of a 1961 Order of the Kennebec County Commissioners regarding the road. Neither side disputes the existence or wording of the 1961 governing order. The dispute is concerning the legal effect of that order, with each side seeking summary judgment based upon its theory of what the County Commissioners did. This aspect of the action appears to be ready and appropriate for determination of the rights of the parties through the vehicle of summary judgment.

### Discussion

The plaintiffs contend that the 1961 order effectuated a discontinuance of a portion of the road, after which rights to the property ownership devolved to the plaintiffs and others who had property abutting the discontinued portion of the road. The defendants counter that the plaintiffs are precluded from bringing this action by res judicata, but if this action is permissible, the record shows that the Commissioners intended that this was a winter closing of the road rather than a discontinuance. The answer requires examination of the background to the Commissioners' order and the statutes then in existence.

The warrant for the 1961 Annual Sidney Town Meeting included an article which read, "Art. 34 To see what action the Town will take regarding the closing of the Middle Road from the George Manley residence to the George Folger residence. (The Budget Committee recommends closing)." Following the vote in favor of the Article, the selectmen petitioned the County Commissioners to close the Middle Road as indicated in the Article. The County Commissioners took the matter up at their July 11, 1961 meeting, minutes of which reflect, "It was voted to hold a hearing in Sidney on August 15 at 2:00 p.m. resulting from action their town meeting to discontinue a portion of the Middle Road." (Emphasis provided). Notice of the hearing was published in two

2

official newspapers and notice was sent to the State Highway Commission and posted in three local businesses. Minutes of the August 15, 1961 meeting include the following: "Commissioners adjourned for hearing at 2:00 p.m. on the Middle Road, Sidney, for purposes of discontinuance. Decision deferred pending further investigation." Minutes of the September 19, 1961 meeting reflect the following: "It was voted to discontinue a portion of the Middle Road in Sidney (August 15 hearing) as mentioned in petition with provision that Augusta plow one-tenth mile of road to the Folger property as agreed in letter from City Manager of Augusta to selectmen of Sidney." The actual order, signed on September 26, 1961, is identified with dealing with the "Petition to Close the Middle Road from the George Manley Residence to the George Folger Residence." The order provides, "petition granted, providing City of Augusta, the Town of Sidney maintain plowing as submitted in the letter of September 5, 1961, from Julian W. Deshaies, City Manager of Augusta to Joseph Blaisdell, First Selectman, Town of Sidney. "The city of Augusta will agree to plow one-tenth of a mile from City line to George Folger's residence for the convenience of turning around in his driveway. This will be done without charge."

Turning to the law in effect, the County Commissioners' authority to discontinue county roads was contained in 23 M.R.S.A. § 2051, which states in part, "County commissioners may lay out, alter or discontinue highways leading from town to town and grade hills in any such highway. . . . Responsible persons may present, at their regular session, a written petition describing a way and stating whether its location, alteration, grading or discontinuance is desired." This is the statute relied on by the plaintiffs. On the other hand, the defendants point to 23 M.R.S.A. § 2953, wherein it is stated:

The municipal officers of any municipality . . . may petition the county commissioners of the county in which such municipality is located, setting forth that any road or roads in such municipality are so located with reference to population, use and travel thereon, that it is unnecessary to keep said road or roads broken out and open for travel during the months of December, January, February, March and April or any part of such months and praying said commissioners, after notice and hearing on such petition, to decide whether such road or roads shall be kept open or closed during such period or part thereof and for many years not to exceed 10, such closing order, if made as prayed for, shall be operative.

Section 2953 goes to provide specifics for notice and hearing and for a posting of notices at both ends of a road "closed" for the winter in such fashion.

The defendants first argue that the failure of the plaintiffs or their predecessors in interest to appeal from the action of the County Commissioners in 1961 means that the Commissioners' order operates as a final judgment entitled to res judicata effect. This argument fails to recognize that the plaintiffs are not challenging the order, rather they are seeking its enforcement. The issue is whether the legal effect of the order was a "discontinuance" (with reversion to abutting property holders) or a "closing of [the] road in winter," affecting only snowplowing and not title.

The court concludes that the 1961 Commissioners' order is ambiguous as to its intent or its effect. The order does use the word "close," which may be the defendants' strongest interpretative argument. On the other hand, the order does not include other information, such as the period of the closing and duration of the order, required if this was intended to be a "closing" pursuant to section 2953. Also, it appears from the minutes of the meetings that the discussion concerned discontinuance of the road. At least, the minutes may indicate an interchangeable use of the words "discontinuance" and "closure."

Unfortunately, there is no transcript of the various hearings the Commissioners held on the petition. However, it is clear to this court from the context of the petition

4

and the procedural steps that were taken that the Town and the County were acting under the Commissioners' authority pursuant to section 2051 to discontinue a portion of the road, rather than the authority under section 2953 to effect a winter closing. All of the procedural steps, including the petition, notice, publication and hearing are consistent with section 2051. In contrast, the procedures set forth in section 2953 were not used with regard to the content of the petition, the number of years the order would cover, and subsequent posting of the road.

For the reasons stated above, the court concludes that the 1961 County Commissioners' Order served to discontinue that portion of the Middle Road between the Manley and Folger residences. This discontinuance was without reservation of a public easement and the owners of real estate abutting the discontinued portion of the road now own their property of the centerline of the road in fee simple absolute.

The entry will be:

Plaintiffs' motion for summary judgment is GRANTED and summary judgment shall be entered for the plaintiffs as to count I of the complaint.

Dated: 5/2/03

_____
S. Kirk Studstrup
Justice, Superior Court

5

JEFFREY L FOLGER  - PLAINTIFF
16 OLD MIDDLE ROAD
SIDNEY ME 04330
Attorney for: JEFFREY L FOLGER
ERIC DICK
FARRIS FOLEY & DICK
88 WINTHROP STREET
AUGUSTA ME 04330


JAYNE FOLGER  - PLAINTIFF
16 OLD MIDDLE ROAD
SIDNEY ME 04330
Attorney for: JAYNE FOLGER
ERIC DICK
FARRIS FOLEY & DICK
88 WINTHROP STREET
AUGUSTA ME 04330


DAVID FOLGER  - PLAINTIFF
NORTH WHITEFIELD ROAD
PITTSTON ME 04345
Attorney for: DAVID FOLGER
ERIC DICK
FARRIS FOLEY & DICK
88 WINTHROP STREET
AUGUSTA ME 04330


LEON FOLGER  - PLAINTIFF
LYNN ROAD
AUGUSTA ME 04330
Attorney for: LEON FOLGER
ERIC DICK
FARRIS FOLEY & DICK
88 WINTHROP STREET
AUGUSTA ME 04330


WINNIFRED FOLGER  - PLAINTIFF
LYNN ROAD
AUGUSTA ME 04330
Attorney for: WINNIFRED FOLGER
KURT OLAFSEN
OLAFSEN & BUTTERFIELD
PO BOX 130
PORTLAND ME 04112


Attorney for: WINNIFRED FOLGER
ERIC DICK
FARRIS FOLEY & DICK
88 WINTHROP STREET
AUGUSTA ME 04330



vs
JAMES W MARTIN  - DEFENDANT
134 REYNOLDS HILL ROAD
SIDNEY ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-RE-2002-00020

**DOCKET RECORD**

JAMES W MARTIN   - DEFENDANT
134 REYNOLDS HILL ROAD
SIDNEY ME 04330
LINDA L MARTIN   - DEFENDANT
134 REYNOLDS HILL ROAD
SIDNEY ME 04330
LOUISE KRUK   - DEFENDANT
RFD 2, BOX 419
GARDINER ME 04345
Attorney for: LOUISE KRUK
FRANK K N CHOWDRY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


CHARLES GOW   - DEFENDANT
OLD BELGRADE ROAD
AUGUSTA ME 04330
JACKULINE K GOW   - DEFENDANT
37 BOG HILL ROAD
WEST GARDINER ME 04345
STEPHEN J THOMPSON   - DEFENDANT
2179 MIDDLE ROAD
SIDNEY ME 04330
LORELAI E THOMPSON   - DEFENDANT
2179 MIDDLE ROAD
SIDNEY ME 04330
CHARLES ANDRES   - DEFENDANT
2163 MIDDLE STREET
SIDNEY ME 04330
LINDA ANDRES   - DEFENDANT
2179 MIDDLE ROAD
SIDNEY ME 04330
KENNETH L REED II   - DEFENDANT
BOX 163
NORRIDGEWOCK ME 04957
Attorney for: KENNETH L REED II
FRANK K N CHOWDRY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


JOHN T KINCAID   - DEFENDANT
34 W/ BAY BRIDGE ROAD
TOPSHAM ME 04086
Attorney for: JOHN T KINCAID
FRANK K N CHOWDRY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

HELEN A KINCAID  - DEFENDANT
34 W. BAY BRIDGE ROAD
TOPSHAM ME 04086
Attorney for: HELEN A KINCAID
FRANK K N CHOWDRY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

TOWN OF SIDNEY - DEFENDANT
2986 MIDDLE ROAD
SIDNEY ME 04330
Attorney for: TOWN OF SIDNEY
GREGORY CUNNINGHAM
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

SANDRA KINNEY  - DEFENDANT
P.O. BOX 3165
AUGUSTA ME 04330
DUNCAN KINNEY  - DEFENDANT
P.O. BOX 3165
AUGUSTA ME 04330

Filing Document: COMPLAINT                    Minor Case Type: QUIET TITLE
Filing Date: 05/31/2002

## Docket Events:

05/31/2002 FILING DOCUMENT - COMPLAINT FILED ON 05/31/2002

06/03/2002 Party(s):  JEFFREY L FOLGER
           ATTORNEY - RETAINED ENTERED ON 05/31/2002
           Plaintiff's Attorney: ERIC DICK

06/03/2002 Party(s):  JAYNE FOLGER
           ATTORNEY - RETAINED ENTERED ON 05/31/2002
           Plaintiff's Attorney: ERIC DICK

06/03/2002 Party(s):  DAVID FOLGER
           ATTORNEY - RETAINED ENTERED ON 05/31/2002
           Plaintiff's Attorney: ERIC DICK

06/03/2002 Party(s):  LEON FOLGER
           ATTORNEY - RETAINED ENTERED ON 05/31/2002
           Plaintiff's Attorney: ERIC DICK

06/03/2002 Party(s):  WINNIFRED FOLGER
           ATTORNEY - RETAINED ENTERED ON 05/31/2002
           Plaintiff's Attorney: KURT OLAFSEN

06/03/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/31/2002